FILED
2022 Sep-29  AM 11:06
U.S. DISTRICT COURT
N.D. OF ALABAMA

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | | |
|---|---|---|
| **CLYDE C. MCGUIRE** | ) | |
| | ) | **CIVIL ACTION .:** |
| **Plaintiff** | ) | |
| | ) | |
| **v.** | ) | |
| | ) | **Jury Trial Demanded** |
| **LEADEC CORP.** | ) | |
| | ) | |
| **Defendant.** | ) | |

## COMPLAINT

## I.    INTRODUCTION

This action is brought pursuant to Title VII of the Civil Rights Act of 1964 as amended by the Civil Rights Act of 1991 (42 U.S.C. 2000e et seq.) and 42 U.S.C. § 1981 to address race discrimination and retaliation in the terms and conditions of employment.

Plaintiff, Clyde McGuire (hereinafter "McGuire" or Plaintiff)  alleges that Defendant, Leadec Corp. (hereinafter "Leadec" or "Defendant"), discriminated against him on the basis of his race and then retaliated against him for reporting and opposing employment discrimination.  This action seeks equitable and injunctive relief as well as compensatory and punitive damages, and attorneys fees and costs.

## II.    JURISDICTION

1.      This Court has subject matter jurisdiction over this action pursuant to 28

U.S.C. §1331. Venue is proper in the Northern District of Alabama under 28 U.S.C. §1391(b).

2.      The Defendant is subject to personal jurisdiction in the State of Alabama for the purpose of this lawsuit.

3.      Plaintiff has fulfilled all administrative conditions precedent to the institution of this action. [See Att. EEOC Docs.].

4.      Plaintiff was issued a Notice of Right-to-Sue, issued by the Equal Employment Opportunity Commission, on June 30, 2022.  [Ex. Att.  EEOC Docs.]. Plaintiff is timely filing his Complaint within 90 days of the issuance of his Notice of Right to Sue.   Thus, the Plaintiff has fulfilled all conditions for institution of this suit pursuant to Title VII of the Civil Rights Act of 1964.

5.      Plaintiff's claims pursuant to 42 U.S.C. § 1981 do not require administrative exhaustion and are subject to 28 U.S.C. § 1658's four year statute of limitations.

**III.   PARTIES**

6.      Plaintiff, Clyde McGuire, is a black, male citizen of the United States and a resident of the State of Alabama.

7.      Defendant, Leadec Corp., is an employer under Title VII and 42 U.S.C. § 1981 and was McGuire's employer. Defendant is incorporated and/or does business

in the state of Alabama.

## IV.   **FACTUAL ALLEGATIONS**

7.      Plaintiff was hired by Leadec on or about April 11, 2022 as Supervisor. By any measurement, the Plaintiff performed his duties and responsibilities in satisfactory manner.

8.      Plaintiff held the job of Supervisor until his termination on or about May 13, 2022.

9.      On or around April 23, 2022, the Plaintiff complained to the Defendant's management team that his supervisor, Melissa Thompson [white female], was treating him differently and less advantageously because of his race, African-American.

10.     After lodging this complaint with the Defendant's management team, the Plaintiff was terminated on May 13, 2022. The Plaintiff was terminated approximately twenty (20)-days after lodging his complaint of discrimination.

11.     Thompson was present at the meeting wherein the Plaintiff was terminated and made the decision to fire him.  Thompson specifically mentioned the Plaintiff's complaint during this meeting.

12.     The Defendant claimed that the Plaintiff was terminated because he did not respond to emails while off the clock and was not a team player.  Upon

information and belief, these allegations were untrue and pretext for discrimination

and retaliation.

13.     Upon information and belief, the Defendant intentionally and with

malice or reckless indifference, discriminated against Plaintiff on the basis of

Plaintiff's race with respect to discipline, termination, and other terms, conditions and

privileges of employment.

14.     The Defendant also retaliated against the Plaintiff for reporting and

opposing race discrimination in employment.

## V.     CAUSES OF ACTION

### COUNT I

### RACE DISCRIMINATION IN VIOLATION OF
### TITLE VII

15.      Plaintiff re-alleges and incorporates by reference paragraphs 1 through

14 above with the same force and effect as if fully set out in specific detail

hereinbelow.

16.     Plaintiff  has been discriminated against and treated differently than

similarly situated white employees because of his race, African-American, in

violation Title VII of the Civil Rights Act of 1964.  This treatment by the Defendant

has affected the terms and conditions of Plaintiff's employment.  Alternatively, the

Plaintiff's race was a motivating factor in the Defendant's treatment of him.

17.    Specifically, the Plaintiff was unlawfully terminated for raising issues regarding race discrimination and pointing out discriminatory treatment. Specifically, that Thompson a white female treated him less advantageously than similarly situated white employees.

18.    Thompson would address the Plaintiff in a disrespectful and dismissive manner whereas she did not treat white employees in this manner.  Thompson also scrutinized the Plaintiff's work more closely than his white counterparts.  This reckless and willful discrimination on the part of the Defendant constitutes a violation of the Plaintiff's statutory rights pursuant to Title VII of the Civil Rights Act of 1964.

19.    As a further consequence and effect of the Defendant's unlawful conduct and practices, the Plaintiff was deprived of income and other compensation and benefits.

20.    Plaintiff has suffered embarrassment, humiliation, mental distress and emotional pain and anguish as a consequence of the Defendant's racially discriminatory and demeaning and unlawful conduct.

21.    Plaintiff has no plain, adequate, or complete remedy at law to redress the wrongs alleged herein and this suit, and an action for injunctive, declaratory, and other relief, including punitive and compensatory damages, is his only means of

securing adequate relief.  The Plaintiff is now suffering and will continue to suffer irreparable injury from the Defendant's unlawful policies and practices as set forth herein unless enjoined by this Court.

22.     As a result of the Defendant's actions, the Plaintiff has suffered and continues to suffer severe emotional distress, mental anguish, embarrassment, humiliation, inconvenience, and loss of enjoyment of life.

23.     This reckless, malicious, and willful discrimination on the part of the Defendant constitutes a violation of the Plaintiff's statutory rights pursuant to Title VII of the Civil Rights Act of 1964.

## COUNT II

### RETALIATION IN VIOLATION OF
### TITLE VII AND 42 U.S.C. § 1981

24.     Plaintiff restates and incorporates by reference Paragraphs 1-23 above as part of this Count of the Complaint.

25.     The Defendant retaliated against McGuire because of his opposition to and reporting of discrimination by terminating his employment in violation of Title VII of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991 and 42 U.S.C. 1981.

26.     McGuire reported Thompson's discriminatory treatment of him on April

23, 2022.  By May 13, 2022, his employment was terminated by Thompson, the same

person he claimed discriminated against him.  But for McGuire complaining about

Thompson's discriminatory treatment, he would not have been terminated.

27.     McGuire's damages and injuries include, but are not limited to, loss of

pay and benefits.  Furthermore, as a result of his retaliatory termination McGuire has

suffered mental anguish, humiliation and embarrassment.

28.     The Defendant's retaliatory actions toward McGuire were reckless,

malicious and willful and in violation of Plaintiff's statutory rights pursuant to Title

VII of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991 and

42 U.S.C. 1981.

## COUNT III

### RACE DISCRIMINATION IN VIOLATION OF
### 42 U.S.C. § 1981

29.     Plaintiff re-alleges and incorporates by reference paragraphs 1 through

28 above with the same force and effect as if fully set out in specific detail

hereinbelow.

30.     Plaintiff  has been discriminated against and treated differently than

similarly situated  white  employees  because  of  his  race,  African-American,  in

violation <mark>42 U.S.C. § 1981</mark>.  This treatment by the Defendant has affected the terms and conditions of Plaintiff's employment.

31.     Specifically, the Plaintiff was unlawfully terminated for raising issues regarding race discrimination and pointing out discriminatory treatment.  Specifically, that Thompson a white female treated him less advantageously than similarly situated white employees.

32.     Thompson would address the Plaintiff in a disrespectful and dismissive manner whereas she did not treat white employees in this manner.  Thompson also scrutinized the Plaintiff's work more closely than his white counterparts.  This reckless and willful discrimination on the part of the Defendant constitutes a violation of the Plaintiff's statutory rights pursuant to <mark>42 U.S.C. § 1981</mark>.

33.     As a further consequence and effect of the Defendant's unlawful conduct and practices, the Plaintiff was deprived of income and other compensation and benefits.

34.     Plaintiff has suffered embarrassment, humiliation, mental distress and emotional pain and anguish as a consequence of the Defendant's racially discriminatory and demeaning and unlawful conduct.

35.     Plaintiff has no plain, adequate, or complete remedy at law to redress the wrongs alleged herein and this suit, and an action for injunctive, declaratory, and

other relief, including punitive and compensatory damages, is his only means of securing adequate relief.  The Plaintiff is now suffering and will continue to suffer irreparable injury from the Defendant's unlawful policies and practices as set forth herein unless enjoined by this Court.

36.     As a result of the Defendant's actions, the Plaintiff has suffered and continues to suffer severe emotional distress, mental anguish, embarrassment, humiliation, inconvenience, and loss of enjoyment of life.

37.     This reckless, malicious, and willful discrimination on the part of the Defendant constitutes a violation of the Plaintiff's statutory rights pursuant to 42 U.S.C. § 1981.

## VI.     PRAYER FOR RELIEF

WHEREFORE, the Plaintiff prays that this Honorable Court assume the jurisdiction of these causes of action and award the Plaintiff the following relief:

1.     Issue a declaratory judgment that the employment policies, practices, procedures, conditions and customs of the Defendant, including the action taken against Plaintiff by the Defendant constitutes discrimination and are violative of Plaintiff's rights as secured by Title VII and 42 U.S.C. § 1981;

2.     Grant Plaintiff a permanent injunction enjoining the Defendant, their agents, successors, employees, attorneys and those acting in concert with the

Defendant, and at the Defendant's request, from continuing to violate Plaintiff's rights as well as others who are similarly-situated pursuant to Title VII and 42 U.S.C. § 1981;

3.    Enter an Order awarding Plaintiff damages including benefits, insurance, back pay, front pay, nominal, liquidated, compensatory and punitive damages.

4.    Award Plaintiff reasonable costs, attorney's fees and expenses.

5.    Award such other relief and benefits as the cause of justice may require.

**PLAINTIFF HEREBY DEMANDS
A JURY FOR ALL ISSUES TRIABLE BY JURY**

Respectfully submitted,

/s/Roderick T. Cooks
Lee D. Winston
Roderick T. Cooks

**OF COUNSEL:**
WINSTON COOKS, LLC
The Shipt Tower
420 20th Street North
Suite 2200
Birmingham, Alabama 35203
Tel: 205-502-0970
Fax: 205-278-5876
Email: lwinston@winstoncooks.com
Email: rcooks@winstoncooks.com

**PLAINTIFF'S ADDRESS:**
Clyde C. McGuire
c/oWINSTON COOKS, LLC
The Shipt Tower
420 20th Street North
Suite 2200
Birmingham, Alabama 35203
Tel: 205-502-0970
Fax: 205-278-5876
Email: lwinston@winstoncooks.com
Email: rcooks@winstoncooks.com

**DEFENDANT'S ADDRESS:**
Leadec Corp.
1800 International Park Drive,
Suite 205
Birmingham, AL 35243